```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF KENTUCKY
                          COVINGTON DIVISION
```

IN RE:

DENNY LEE ST. CLAIR
NICOLE RENEE ST. CLAIR

DEBTORS                                              CASE NO. 05-22238


L. CRAIG KENDRICK, TRUSTEE                           PLAINTIFF


VS.                                                  ADV. NO. 06-2003


DEUTSCHE BANK NATIONAL
TRUST COMPANY; AMC MORTGAGE
SERVICES, INC.                                       DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the court on the Motion for Summary Judgment filed by Defendants Deutsche Bank National Trust Company ("Deutsche Bank") and AMC Mortgage Services, Inc. ("AMC"), (collectively, "the Defendants"). The Plaintiff has filed a Response to Motion for Summary Judgment and the Defendants have filed a Reply. The matter was heard on September 14, 2006, and taken under submission for decision. This court has jurisdiction of this matter pursuant to Judicial Code section 1334(b); it is core proceeding pursuant to Judicial Code section 157(b)(2)(K).

1.  Factual and procedural history

In March 2005, the Debtors purchased real property in Dayton, Kentucky. The Debtors acquired their title by deed dated March 2, 2005 and recorded on March 9, 2005 in the office of the Campbell

County Clerk. The Debtors borrowed $80,750.00 of the $95,000.00 purchase price from Argent Mortgage Company, LLC ("Argent"). The loan was secured by a mortgage dated March 2, 2005 and recorded on March 9, 2005, along with the deed. Both the deed and the mortgage contain notary certificates signed and stamped by Kenna K. Weis, indicating her status as an active, commissioned notary public for the state at large.

On July 1, 2005, Argent assigned both the note and the mortgage executed by the Debtors to Deutsche Bank. This assignment was recorded on August 2, 2005 in the Campbell County Clerk's office. The assignment contains a complete description of the mortgage assigned, including the mortgagors' names, the recording information, and the legal description of the property. The assignment contains what appears to be a proper and properly executed notary certificate.

The Debtors filed their Chapter 7 petition on August 5, 2005. The Plaintiff commenced this proceeding on January 3, 2006 seeking to avoid the mortgage pursuant to Bankruptcy Code section 544(a). The Plaintiff has alleged that neither the deed nor the mortgage was properly recordable because the notary did not actually accept the Debtors' acknowledgment; i.e., the notary was not present at the closing when the mortgage was signed by the debtors. In support of his allegations, the Plaintiff states that at the first meeting of creditors the Debtors testified that no person named Kenna K. Weis was present at the closing on the subject property, and offers the Debtors' affidavits affirming their testimony. The Debtors do not deny that they executed both the deed and the mortgage.

The Defendants have challenged the Plaintiff's attack on the

propriety of the notary certificate.

    2.   <u>Discussion</u>

The Plaintiff's Complaint alleges that the certificates of acknowledgment on both the deed and the mortgage are defective because none of the persons executing the instruments appeared before the officer taking the acknowledgment. He further alleges that pursuant to KRS 382.270, these instruments are legally unrecordable since a deed or a mortgage must be acknowledged or proved according to law and recorded to be effective against a third party without notice. Pursuant to Bankruptcy Code section 544(a)(3), the Plaintiff's rights as a bona fide purchaser without knowledge were fixed on the date of filing of the Debtors' petition. Thus, the Plaintiff contends, he may avoid the subject mortgage as defective as it is not recordable and does not provide him with constructive notice of any interest in the property.

The Defendants contend that the deed and mortgage are facially properly acknowledged and capable of being lodged for record in compliance with KRS 382.270, thereby providing the Plaintiff with constructive notice of the mortgage evidencing their security interest in the subject property. In support of this position, they cite KRS 61.060 which bars attack, except in stated circumstances, on a notary certificate which appears to be proper in all respects. That statute provides:

> No fact officially stated by an officer in respect of a matter about which he is by law required to make a statement in writing, either in the form of a certificate, return or otherwise, shall be called in question, except in a direct proceeding against the officer or his sureties, or upon allegation of fraud in the party benefitted thereby or mistake on the part of the officer.

KRS 61.060. The Defendants argue that since the within action is not against the notary and there is no allegation of fraud by the Defendants or a mistake by the notary, the Plaintiff's attack must fail and he may not avoid the mortgage. The Plaintiff responds that he has alleged fraud on the part of the notary, acting as agent for the mortgagee.

Both the Plaintiff and the Defendants cite *Byers v. First State Bank*, 166 S.W. 790, Ky. (1914) in support of their respective positions. In that case, Byers alleged that she had never signed or acknowledged a note and mortgage, and had not authorized anyone else to sign for her. According to the court, her allegations constituted

> an attempt to impeach the verity of the notary's certificate. . . .
> It will be noticed that this action was not one against the notary or his surety; but the plea does call in question the facts certified by him. There is not allegation of fraud or mistake in the answer. If it was a fraudulent or untruthful certificate, the appellee bank is the party benefited by it; but there is no allegation in the answer charging fraud on the part of the appellee or any one, nor is there a charge of even so much as a mistake on the part of the notary. In the absence of these allegations, there was no warrant for the introduction of parol testimony to contradict or impeach any of the facts recited in the certificate. Therefore they must be taken as true, and . . . the officer's certificate sustained both the note and the mortgage given to secure it.

*Id*. at 791.

In *Skaggs v. Vaughn*, 550 S.W.2d 574, Ky.App. (1977), Skaggs asserted that he had not signed a deed purporting to convey his farm to two nieces. The court, in upholding the grant of summary judgment to the nieces by the Larue Circuit Court, stated:

> Although Skaggs denied that the signature on the deed was his, this court concludes that the pleadings are not sufficient to raise the issue of forgery. The deed of November 29, 1968 contains a notary's certificate that Skaggs and his wife acknowledge the deed to be their act and

4

> deed. The complaint does not allege fraud on the part of
> the grantees in obtaining the notary certificate, nor does
> the complaint allege mistake on the part of the notary. In
> the absence of such allegations, Skaggs cannot allege that
> he did not execute the deed.

*Id.*, at 576 (citing KRS 61.060). In *Spicer v. Spicer*, 236 S.W.2d 474, Ky. (1951), the court was even more emphatic: "We have many times written that an officer's certificate imparts absolute verity unless attacked in a direct proceeding against the officer or his surety, or unless there is an allegation of fraud in the obtention of the certificate by the party benefitted, or mistake upon the part of the officer." *Id.*, at 476.

Clearly, the fraud addressed in the cases cited above has to do with the validity of what the notary has certified, as between the parties to the transaction. In this instance, what has been certified is the Debtors' execution of the deed and the mortgage. If, for instance, the Defendants had managed to forge the Debtors' signatures upon the documents, and the notary had certified that they appeared and executed the documents, fraud on the part of the Defendants could be alleged. Here, however, the Debtors do not deny that they executed the documents. Whether acts of the Defendants could constitute fraud here, the court need not address presently.

The case law on the application of KRS 61.060 supports the finding that a notary certificate may not be attacked without bringing an action directly against the notary, or by alleging fraud on the part of the party benefitted or mistake on that part of the notary. As stated by the court in *Byers*, "[The statute] provides that *no fact* officially stated by [a notary] shall be called in question, except upon the allegation of fraud or mistake. There should be a direct

5

allegation of fraud or mistake, together with the facts constituting it." *Byers v. First State Bank*, 166 S.W. at 791. Because this case is in its initial stages, it is appropriate and fair that the Plaintiff have a chance to amend his Complaint, if he can do so, to allege fraud or mistake or both and facts supporting such claims. The court will allow the Plaintiff ten days in which to so amend his Complaint, failing which the court will enter an order sustaining the Defendants' Motion for Summary Judgment. It is hereby so ordered.

Copies to:

John P. Brice, Esq.
Debra S. Pleatman, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*William S. Howard*
**Bankruptcy Judge**
**Dated: Wednesday, October 04, 2006**
**(wsh)**