ELECTRONIC CITATION: 2008 FED App. 0001P (6th Cir.)
File Name: 08b0001p.06

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

In re:

DENNY L. ST. CLAIR
and NICOLE R. ST. CLAIR,

        Debtors.

 

L. CRAIG KENDRICK,

    Plaintiff - Appellant,

v.

DEUTSCHE BANK NATIONAL TRUST CO.
and AMC MORTGAGE SERVICES, INC.,

    Defendants - Appellees.

No. 07-8010

Appeal from the United States Bankruptcy Court
for the Eastern District of Kentucky, Covington Division.
No. 06-2003.

Argued: November 14, 2007

Decided and Filed: January 16, 2008

Before: GREGG, PARSONS, and WHIPPLE, Bankruptcy Appellate Panel Judges.

___

### COUNSEL

**ARGUED:** Debra S. Pleatman, ZIEGLER & SCHNEIDER, Covington, Kentucky, for Appellant. John P. Brice II, WYATT, TARRANT & COMBS, Lexington, Kentucky, for Appellees. **ON BRIEF:** Debra S. Pleatman, ZIEGLER & SCHNEIDER, Covington, Kentucky, for Appellant. John P. Brice II, WYATT, TARRANT & COMBS, Lexington, Kentucky, for Appellees.

## OPINION

JAMES D. GREGG, Bankruptcy Appellate Panel Judge. In this appeal, L. Craig Kendrick ("Trustee") seeks to avoid a mortgage on the Debtors' real property because the certificate of acknowledgment was defective as the Debtors were not present before the notary when they executed the mortgage. The bankruptcy court determined that the notary's acknowledgment was immune from attack by the Trustee under Kentucky Revised Statute § 61.060. This state statute limits challenges to an official's certificate to a direct action against the official or to instances based upon allegations of fraud or mistake. Because there was no fraud or mistake as contemplated by Kentucky Revised Statute § 61.060, we AFFIRM the bankruptcy court's grant of summary judgment in favor of the mortgage holders.

### I. ISSUE ON APPEAL

The issue in this appeal is whether summary judgment was warranted in favor of the Appellees on the Trustee's complaint seeking to avoid a mortgage on the Debtors' property. To answer this question, we must determine whether Kentucky Revised Statute § 61.060 prevents the Trustee from avoiding the mortgage based on a defective acknowledgment where the mortgagors were not present before the notary, but the acknowledgment is facially valid.

### II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Eastern District of Kentucky has authorized appeals to the Panel and a final order of the bankruptcy court may be appealed as of right. 28 U.S.C. § 158(a)(1). For purposes of appeal, a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). An order granting summary judgment for the defendants is a final order. *Menninger v. Accredited Home Lenders (In re Morgeson)*, 371 B.R. 798 (B.A.P. 6th Cir. 2007).

The bankruptcy court's final order granting the motion for summary judgment is reviewed de novo. *Gold v. FedEx Freight East, Inc. (In re Rodriguez)*, 487 F.3d 1001, 1007 (6th Cir. 2007). "Under a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination." *In re Morgeson*, 371 B.R. at 800.

Because there are no factual disputes, summary judgment may be appropriate. *See Rogan v. Am.'s Wholesale Lender d/b/a Countrywide Home Loans, Inc. (In re Vance)*, 99 F. App'x 25, 27 (6th Cir. 2004).

### III.  FACTS

On March 2, 2005, Denny L. St. Clair and Nicole R. St. Clair ("Debtors") purchased real property located in Dayton, Kentucky from Michael E. Sweeney and Mary Sweeney ("Sellers") for $95,000. The deed, dated March 2, 2005, was recorded in the office of the Campbell County Clerk on March 9, 2005. To partially finance the purchase, the Debtors borrowed $80,750 from Argent Mortgage Company, LLC ("Argent"). Argent was given a mortgage on the property dated March 2, 2005, recorded on March 9, 2005, contemporaneously with the deed.

The deed and the mortgage each contain completed notary certificates signed and stamped by Kenna K. Weis ("Notary"). The stamp indicates the Notary's status as an active, commissioned notary public. On their face, the deed and mortgage appear to be properly acknowledged, lodged for record, and recorded in accordance with applicable Kentucky law.

On July 1, 2005, Argent assigned the note and mortgage to Deutsche Bank National Trust and AMC Mortgage Services (collectively "Appellees"). The assignment by Argent to the Appellees was properly recorded consistent with Kentucky law.

On August 5, 2005, the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. At the § 341(a) meeting of creditors, the Debtors testified that no one named "Kenna K. Weis" was present at the closing. Subsequently, both the Debtors and Sellers provided the Trustee with affidavits stating that the Notary was not present when the Debtors executed the mortgage. The Debtors do not contest that they executed the deed and the mortgage.

On January 3, 2006, the Trustee filed an adversary complaint seeking to avoid the mortgage under 11 U.S.C. § 544(a). The Trustee asserted that the certificates of acknowledgment on the deed and mortgage are defective because the Debtors were not present before the Notary when they executed the documents. He asserts, therefore, that pursuant to Kentucky law he may avoid the mortgage as a bona fide purchaser because it is not recordable and it failed to provide constructive notice.

The Appellees filed a motion for summary judgment on August 17, 2006. The motion asserted that because the deed and mortgage are properly acknowledged and facially correct, Kentucky Revised Statute § 61.060 bars any challenge by the Trustee. Kentucky Revised Statute § 61.060 provides that a notary's certificate which appears valid on its face may only be attacked by a direct action against the notary or pursuant to a claim of fraud or mistake.[1]

On October 4, 2006, the bankruptcy court issued a memorandum opinion and order which determined that case law interpreting Kentucky Revised Statute § 61.060 favored the Appellees' position. The court's order, however, permitted the Trustee to amend his complaint to allege fraud or mistake and to identify facts supporting these claims.

The Trustee filed an amended complaint on October 13, 2006, which named the Notary as an additional defendant. He alleged that she acted fraudulently, or in the alternative, that she acted mistakenly when she executed the certificates of acknowledgment. The Trustee alleged that the Notary knew, or should have known, that the Debtors did not appear before her, were not personally known to her, and did not provide evidence of their identities. The Trustee further alleged that because the Notary was employed by Argent, the fraudulent execution was imputed to Argent. As assignees of Argent, the Trustee asserted that the Appellees were also imputed with the fraud by acceptance and ratification of the mortgage. While the amended complaint sought an order that the Notary acted fraudulently, or mistakenly, it did not seek any recovery from her. The Notary failed to answer the complaint and a default judgment was entered against her.

---

[1] The Appellees further argued that certain 2006 amendments to the Kentucky notice statute, Kentucky Revised Statute § 382.270, which protect defectively acknowledged mortgages recorded before July 2006, should be applied retroactively to protect the mortgage from avoidance. The Appellees also argued, in the alternative, that even if the mortgage did not give the Trustee notice, the assignment of the mortgage provided constructive notice. Because we find that the mortgage is not subject to attack pursuant to Kentucky Revised Statute § 61.060, we need not address the Appellees' alternative arguments.

The parties then filed cross motions for summary judgment. At the conclusion of a consolidated hearing on the motions, the bankruptcy court granted summary judgment in favor of the Appellees. The court concluded that the Trustee's allegations of fraud and mistake did not prevent the application of Kentucky Revised Statute § 61.060. In its oral opinion rendered from the bench, the bankruptcy court determined that the requisite fraud was not established because "no reliance is shown and certainly no damage also is shown." (Appellant's App. at 886.) The court stated that it "believe[s] that fraud, to be actionable, must be the fraud - - a fraud by the party benefitted worked on mortgagors, and the mortgagors freely admit they executed the instrument and have lodged no complaint with regard to the transaction." (Appellant's App. at 886.) The bankruptcy court then held that the acknowledgment made by the Notary out of the presence of the Debtors was not the type of mistake contemplated by Kentucky Revised Statute § 61.060. Rather, such a mistake must "work a harm upon the mortgagors." (Appellant's App. at 886-87.) Therefore, the court reasoned that because the Debtors admitted they applied for the loan, signed the mortgage and benefitted from the transaction, no such harm occurred. An order granting summary judgment in favor of the Appellees, and denying the Trustee's counter motion for summary judgment, was entered on March 14, 2007. This timely appeal followed.

## IV.    DISCUSSION

Pursuant to the Bankruptcy Code,[2] the Trustee holds the status of a bona fide purchaser of the Debtors' real property and may avoid liens upon the property that are voidable under state law. 11 U.S.C. § 544; *MG Invs., Inc. v. Johnson (In re Cocanougher)*, 378 B.R. 518, 521 (B.A.P. 6th Cir. 2007) (citing *Rogan v. Bank One, N.A. (In re Cook)*, 457 F.3d 561, 566 (6th Cir. 2006)). Kentucky law governs the question of whether the Appellees' mortgage interest is superior to the Trustee's interest in the Debtors' real property. *Id.* Whether the Trustee personally knew of the mortgage is irrelevant. "'Rather, the inquiry focuses on whether a bona fide purchaser would have notice' under Kentucky law." *Id.* (quoting *Thacker v. United Cos. Lending Corp.*, 256 B.R. 724, 728 (W.D. Ky. 2000)).

---

[2] Because the Debtors filed their bankruptcy petition prior to October 17, 2005, the case is governed by the Bankruptcy Code without regard to the amendments made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. All statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101 to 1330 (2004), unless otherwise specifically noted.

A bona fide purchaser of real property in Kentucky is placed on constructive notice of a prior interest in property by the presence of a recorded deed or mortgage "acknowledged . . . according to law." Ky. Rev. Stat. Ann. § 382.270. At the time the Debtors executed the deed and mortgage, Kentucky Revised Statute § 382.270 provided:

> **382.270 Instruments not valid against purchasers or creditors unless recorded**
> No deed or deed of trust or mortgage conveying a legal or equitable title to real property shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed or mortgage is acknowledged or proved according to law and lodged for record. As used in this section "creditors" includes all creditors irrespective of whether or not they have acquired a lien by legal or equitable proceedings or by voluntary conveyance.

*Id.*

Another Kentucky statute which is also relevant here provides:

> **423.130 Certificate of person taking acknowledgment**
> The person taking an acknowledgment shall certify that:
> (1) The person acknowledging appeared before him and acknowledged he executed the instrument; and
> (2) The person acknowledging was known to the person taking the acknowledgment or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.

Ky. Rev. Stat. Ann. § 423.130.

The mortgage at issue was properly recorded in the appropriate county clerk's office and was, therefore, "lodged for record" as required by the Kentucky Revised Statute § 382.270. Because Kentucky courts have consistently held that recorded, but defectively acknowledged, mortgages do not provide constructive notice, the dispute is whether the mortgage was properly "acknowledged . . . according to law." *Select Portfolio Servs., Inc. v. Burden (In re Trujillo)*, 378 B.R. 527, 532 (B.A.P. 6th Cir. 2007) (citing *Rogan v. Am.'s Wholesale Lender d/b/a Countrywide Home Loans, Inc. (In re Vance)*, 99 F. App'x 25, 27 (6th Cir. 2004); *State Street Bank & Trust Co. v. Heck's, Inc.*, 963 S.W.2d 626 (Ky. 1998)). For example, as this Bankruptcy Appellate Panel has recently held on several occasions, an acknowledgment in a recorded mortgage or deed that does not identify the individuals who signed the document is defective and, even though recorded, does not provide constructive notice. *In re Trujillo*, 378 B.R. at 537; *In re Cocanougher*, 378 B.R. at 523-24; *Burden v. Cit Group/Consumer Fin., Inc. (In re Wilson)*, No. 06-8065, 2007 WL 3374801, *3-4 (B.A.P. 6th Cir. Nov. 14, 2007) (unpub. table op.). In each of those cases, *the acknowledgment was improper*

-6-

*on its face.* Because the acknowledgment clause in this case is *facially valid*, we must determine whether Kentucky Revised Statute § 61.060 prevents the Trustee from avoiding the mortgage.

> Kentucky Revised Statute § 61.060 provides:
>
> **61.060 Official acts may be questioned collaterally, when**
> No fact officially stated by an officer in respect of a matter about which he is by law required to make a statement in writing, either in the form of a certificate, return or otherwise, shall be called in question, except in a direct proceeding against the officer or his sureties, or upon the allegation of fraud in the party benefitted thereby or mistake on the part of the officer.

Ky. Rev. Stat. Ann. § 61.060. This statute is applicable to a notary's certificate. *Fletcher v. Wilson,* 500 S.W.2d 601, 605 (Ky. 1973).

Pursuant to Kentucky Revised Statute § 61.060, a notary's acknowledgment may be attacked only by: (1) a direct action against the notary, (2) an allegation of fraud by the party benefitted, or (3) a mistake by the notary. A direct action against the notary must seek recovery from the notary and not simply miscellaneous relief. *Fletcher,* 500 S.W.2d at 605. Because the Trustee's amended complaint against the Notary sought no recovery from her by reason of her dereliction, such as a suit on her bond, the "direct action" exception is inapplicable. Therefore, we must determine whether there is a proper allegation of fraud or mistake.

We first address the allegations of fraud. Fraud which will allow an inquiry into the truth of the notary's acknowledgment under Kentucky Revised Statute § 61.060 "'... must relate to the obtaining of the certificate itself, and not to the making of the instrument acknowledged.'" *Hackworth v. Trimble,* 169 S.W.2d 843, 845 (Ky. 1943) (*quoting Byers v. First State Bank of Middlesboro,* 166 S.W. 790, 791 (Ky. 1914)). Additionally, the fraud must be committed by, or on behalf of, the party benefitted, *Id.*; *Grigsby v. Mosley,* 180 S.W.2d 99, 102 (Ky. 1944), in this instance the lender. However, the Trustee failed to allege that there was direct fraud committed by, or on behalf of, either of the Appellees. Rather, he solely argued that the Notary's fraud is imputed to the Appellees. Importantly, the Trustee failed to specifically allege the requisite elements of fraud required by Kentucky law.

Pursuant to Kentucky law one asserting fraud must establish six elements by clear and convincing evidence: (1) material misrepresentation; (2) which is false; (3) known to be false or recklessly made; (4) made with inducement to be acted upon; (5) acted in reliance thereon; and

(6) causing injury. *Farmers Bank and Trust Co. of Georgetown v. Willmott Hardwoods, Inc.*, 171 S.W.3d 4, 11 (Ky. 2005) (citing *United Parcel Serv. Co v. Rickert*, 996 S.W.2d 464 (Ky. 1999)). With the exception of alleging that the acknowledgment is false, the amended complaint contains *none* of the other requisite allegations. Thus, the Trustee's attempted "allegation of fraud" collapses into nothingness.

We next address the allegations of mistake. Kentucky Revised Statute § 61.060 does not define "mistake." However, the Kentucky Supreme Court has addressed the type of mistake required to be shown. *Cox v. Gill*, 83 Ky. 669 (Ky. 1886). In *Cox*, the Court rejected the grantors' attack against a county clerk's acknowledgment of a deed based upon mistake. While admitting that they both signed the deed before the clerk of Barren County, the grantors asserted that they were in fact in Metcalfe County when the deed was acknowledged, and that one of the grantors never consented to the deed being recorded. In rejecting this attempted attack, the Kentucky Supreme Court stated,

> We can well see . . . a mistake in certifying that A had signed and acknowledged the deed, when, in fact, it was B that signed it; but when the parties admit the execution of the deed and the acknowledgment before the clerk of the county where the land lies, or before the clerk where they reside, and the clerk's certificate is in accordance with law, they will not be permitted to show, under the allegation of a mistake, that the certificate was not in the form of or as required by law, or that the clerk was out of the county when he took the acknowledgment.
>
> . . . .
>
> The mistake contemplated by the statute does not apply to the form or manner of acknowledgment. Was he the proper officer? Did the parties named in the deed sign it, and did they acknowledge it before the officer authorized to take the acknowledgment? Is the certificate valid on its face? If so, there is no ground for mistake.

*Cox*, 83 Ky. at 672-73. *Compare Louisville & N.R. Co. v. Paul's Adm'r*, 235 S.W.2d 787 (Ky. 1950) (finding mistake where judge certified a record that had not yet been assembled); *Bingham v. Anderson*, 251 S.W. 973 (Ky. 1923) (finding mistake where court clerk removed original documents from the record and substituted different documents at suggestion or direction of attorneys involved in the litigation).

Kentucky Revised Statute § 61.060 was enacted to stabilize the public records and make title to real estate in Kentucky more secure. *Bingham*, 251 S.W. at 975; *Cox*, 83 Ky. at 671. The statute has been liberally construed by Kentucky courts, particularly in reference to certificates of acknowledgment of deeds. *Bingham*, 251 S.W. at 975. The high court of Kentucky has explained:

> If the door is thrown open to such assault upon conveyances under the idea of a mistake on the part of the [notary], then no confidence is to be placed in the verity of such records, and parol evidence will in all cases be admitted on the ground that some mistake has been committed by the [notary]. It may be that the [notaries], in many instances, are derelict in their duty when taking the acknowledgments . . . , but it is better that a remedy shall be withheld as against the purchaser in such cases than to permit public records evidencing the transmission of title to real estate to be rendered invalid upon parol testimony.

*Cox*, 83 Ky. at 673-74.

> Undoubtedly, the officer may sometimes fail to fully discharge his duty; but the greatly to be desired stability of title to real estate, and the protection of purchasers and the public, demand the adoption of the statute. Individual hardships will occasionally result from the enforcement of any law, however salutary; and it would be exceedingly hazardous, as well as productive of much litigation, to permit the validity of such conveyances to depend upon parol evidence as to their due execution. If the certificate may be thus questioned as to whether the officer has done his duty, then the future vendee, however remote, has no protection.

*Tichenor v. Yankee*, 12 S.W. 947, 948 (Ky. 1890).

This appeal presents the type of situation the Kentucky Supreme Court addresses. The Debtors admit that they signed the mortgage and deed and benefitted from it. They do not claim any harm occurred. On its face, the acknowledgment clause was valid, and for that reason it was accepted for recordation. Except for the subsequent testimony of the Debtors at the § 341 meeting, no purchaser would even suspect that the acknowledgment failed to comply with Kentucky law. Indeed, *any* purchaser would believe the mortgage was binding and valid. To allow parol evidence to question the legal effectiveness of a real estate document which is facially proper and in compliance with law would promote uncertainty about, and invite unnecessary litigation regarding, innumerable real estate documents.[3] As described by the Kentucky Supreme Court in *Cox* and *Tichenor*, Kentucky Revised Statute § 61.060 was enacted to prevent legal challenges of this type.

---

[3] We are aware that the Sixth Circuit Court of Appeals has held that a mortgage which appears valid on its face can be challenged and avoided by the trustee as not giving constructive notice to a bona fide purchaser. *Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020 (6th Cir. 2001) (holding that trustee could avoid mortgage which failed to comply with Ohio statute requiring signature of two witnesses where mortgagors testified only one witness was actually present at signing). However, the Sixth Circuit was applying Ohio law in *Zaptocky*, and Ohio does not have a statute comparable to Kentucky Revised Statute § 61.060. The Kentucky legislature enacted Kentucky Revised Statute § 61.060 to prevent unnecessary challenges to real estate records. *Bingham*, 251 S.W. at 975. Kentucky law differs from Ohio law in this respect. Allowing the Trustee to avoid the mortgage at issue would encourage wasteful inquiries into all mortgages in Kentucky bankruptcy cases in direct contravention of Kentucky Revised Statute § 61.060.

Therefore, we conclude that the facts alleged by the Trustee do not constitute the "mistake" contemplated by Kentucky Revised Statute § 61.060.

## V. CONCLUSION

For the foregoing reasons, the bankruptcy court's order granting summary judgment in favor of the Appellees is AFFIRMED.